IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID J. MORRIS, M.D.,<br><br>Defendant. | **ORDER GRANTING MOTIONS TO COMPEL IN PART; DENYING MOTION FOR PROTECTIVE ORDER; and STRIKING HEARING**<br><br>Case No: 2:03 CV 496 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

This is a declaratory judgment action brought by an insurer against an insured.   The original complaint filed in May 2003 was ordered dismissed in April 2005, but with leave to file an amended complaint, which was done two days later.  Discovery is open until March 2006.  The case is set for trial in October 2006.  The magistrate judge is considering three discovery motions now set for hearing October 12, 2005.  The hearing will be stricken.

**Motion for Protective Order**

The plaintiff insurer has moved for a protective order to require that a 30(b)(6) deposition of an officer be taken at Plaintiff's principal place of business, rather than where this action was filed.[1]  Plaintiff claims that the deposition of agents and officers of a corporation should ordinarily be taken at its principal place of business, and cites reputable authority.[2]  However,

---

[1]Docket no. 73, filed July 25, 2005.

[2]Memorandum in Support of Motion for Protective Order at 3, docket no. 74, filed July 25, 2005, citing *Stone v. Morton Intern., Inc.*, 170 F.R.D. 498 (D. Utah 1997); *Moore v. Pyrotech Corp.*, 137 F.R.D. 356 ( D. Kan. 1991);and 8A Wright, Miller & Marcus, Federal Practice and Procedure, § 2112.

careful examination shows that in the cited cases the corporation was a defendant.

True, there is also authority for the proposition that the place of filing of the action is of diminished importance where venue is dictated by concerns other than a free choice.[3]  This action was filed in this court because "the federal venue rules, 28 U.S.C. 1391(a) required" filing here.[4]  If policy underlying the federal venue statute dictates the action should be filed and tried here, then the same policy favors deposition here.

There are reported cases in which plaintiffs were not required to appear for deposition in the district of filing but the facts of those cases are more extreme than those present here.  In one, the plaintiff could not leave England without losing the right to seek political asylum there.[5]   In another, the impecunious plaintiff was wheelchair bound, faced with traveling from his home in Minneapolis to New York by train.  '[S]ince plaintiff has no artificial legs the only way he could travel to New York would be to have an attendant accompany him and carry him to and from a plane or train."[6]  These cases may illustrate the extreme circumstances which will entirely excuse a plaintiff from appearing for deposition in the district of filing.

All the decisions cited are district court cases.  The dearth of appellate decisions is probably because "[t]he trial court has great discretion in establishing the time and place of a

---

[3]Memorandum in Opposition to Defendant's Motion for Order Compelling Ohio National to Produce Documents and Provide Answers to Interrogatories at 5, docket no. 84, filed August 29, 2005.

[4]Memorandum in Support of Motion for Protective Order at 3.

[5]*Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994).

[6]*Sullivan v. Southern Pac. Co.,* 7 F.R.D. 206, 207 (S.D.N.Y.1947).

deposition."[7]   An appellate court will reverse

> only when the trial court bases its decision on an erroneous conclusion of law or
> where there is no rational basis in the evidence for the ruling. A reviewing court
> should not substitute its judgment for that of a trial court. It is the unusual or
> exceptional case where the reviewing court will vacate a protective order entered
> by a trial court under Fed.R.Civ.P. 26(c).[8]

Therefore, these cases only stand for the proposition that they represent rational thinking.

In this case, where both counsel are present in Salt Lake City, the deposition of the

Plaintiff's 30(b)(6) representative shall take place here.

### Defendant's Motion to Compel

Defendant has moved to compel Plaintiff to produce documents and answer

interrogatories.[9]  In the course of briefing, some issues were resolved.[10]  The court has carefully

reviewed the parties' memoranda and orders that the following responses be provided within

twenty days:

> Interrogatory No. 4.  Identify all insureds of Ohio National that have received
> disability benefits in any form with respect to substance abuse from January 1,
> 2000, to the present.[11]

> Request No. 4.  Please produce all complaints, counterclaims or demands for
> arbitration in which an insured party has claimed that Ohio National has been

---

[7]*In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir. 1987).

[8]*Id.*

[9]Docket no. 76, filed July 29, 2005.

[10]Reply Memorandum in Support of Defendant's Motion for Order Compelling Ohio National to Produce Documents and Provide Answers to Interrogatories, docket no. 90, filed August 29, 2005.

[11]Ohio National offers no explanation for omitting to provide this information.  Memorandum in Opposition to Defendant's Motion for Order Compelling Ohio National to Produce Documents and Provide Answers to Interrogatories at 3-5, docket no. 84, filed August 29, 2005.  The balance of the original text of this interrogatory (to which most briefing was directed) will be effectively answered by the specific identification of claimants.

guilty of bad faith or in which any party has sought punitive damages from Ohio National from January 1, 2000, to the present.[12]

Request No. 6.  Please produce all reviews, evaluations, memoranda, or other documents concerning the claims handling performance of Rosemary Gatto from January 1, 2000, to the present.[13]

### Plaintiff's Motion to Compel

Plaintiff has moved to compel Defendant to produce documents and answer interrogatories.[14]  The discovery was issued before the April dismissal of the original complaint. Defendant claims that the discovery evaporated with the dismissal of the original complaint.[15] The cases relied on[16] deal with absolute dismissals without remedial refiling, where no issues remained before the court.  Defendant has cited no authority that discovery requests are voided by a dismissal order with leave to amend.

The court has carefully reviewed the parties' memoranda and orders that the following responses be provided within twenty days:

Request for Production No. 1.  Please produce all documents identified, referred to, or utilized in preparing your answers to Plaintiffs First Set of Interrogatories.  If all responsive documents have all been provided, Defendant

---

[12]The request has been limited to judicial and quasi-judicial statements, and does not include the less formal documents ("demand letters, correspondence, pleadings, or other documents") which Defendant requested.  Bad faith accusations are readily made in such informal materials and the burden of winnowing that greater number is not justified in light of the relatively light probative value.

[13]The original request sought all job performance information, but the revision focuses the request to relevant concerns.

[14]Docket no. 60, filed June 9, 2005.

[15]Memorandum in Opposition to Plaintiff's Motion to Compel at 3, docket no. 66, filed June 24, 2005.

[16]*U.S. v. California*, 507 U.S. 746 (1993) and *Radeschi v. Pennsylvania*, 846 F. Supp. 416 (W. D. Pa. 1993).

shall provide a written signed response to that effect.[17]

Interrogatory No. 10.  Please identify each physician, including name, address and telephone number, who treated Defendant within the last ten years for depression, depression related symptoms, or substance abuse.[18]

Interrogatory No. 12,  Other than Defendant's pain management fellowship at Stanford Hospital, for each month since September 1, 2000, identify any work for which Defendant has received any compensation, including a general description of the work, the compensation Defendant received and the approximate number of hours he worked.[19]

Interrogatory No. 14.  Identify the date on which Defendant last treated patients, including the nature of the treatment, and the location where the patients were treated.[20]

Interrogatory No. 15.  Identify each state in which Defendant currently holds or has held a license to practice medicine within the last five years. For each state you identify, provide the following information:
    a. the date on which the license was issued;
    b. the date the license terminated or is set to terminate;
    c. the reason the license terminated or is set to terminate; and
    d. any limitations on the license.[21]

No expenses will be awarded at this time, but if responses are not complete and timely,

Plaintiff may make a further motion.

---

[17]Defendant offers no specific response to this request for production in his memorandum, except to say that all documents have been produced.  Memorandum in Opposition to Plaintiff's Motion to Compel at 3, docket no. 66, filed June 24, 2005.

[18]While Defendant claims he provided releases that give this information, Plaintiff is entitled to a signed, verified response containing the requested information in a list.

[19]The interrogatory has been revised to require a statement for each month, with a general description of any work and approximate hours worked for each month.  The cursory summary by the Defendant is inadequate, but he cannot be required to give daily reports.

[20]Plaintiff is entitled to the specific information requested.  The Defendant's general response is inadequate.

[21]Plaintiff is entitled to the specific information requested.  The Defendant's general response is inadequate.

**ORDER**

IT IS HEREBY ORDERED that:

a.      Plaintiffs' motion for protective order[22] is DENIED;

b.      Defendant's motion to compel[23] is GRANTED IN PART;

c.      Plaintiff's motion to compel[24] is GRANTED IN PART; and

d.      the hearing set October 12, 2005, at 1:30 p.m. is STRICKEN.

October 8, 2005.

                        BY THE COURT:


                        David Nuffer
                        U.S. Magistrate Judge

---

[22]Docket no. 73, filed July 25, 2005.

[23]Docket no. 76, filed July 29, 2005.

[24]Docket no. 60, filed June 9, 2005.